UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ex rel. Kenneth Kraemer, and Kenneth Kraemer and Kraemer Farms, LLC, a Minnesota limited liability company, | Civil No. 16-3092 (DWF/LIB) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER |
| United Dairies, L.L.P., a Minnesota limited liability partnership; Union Dairy, L.L.P., a Minnesota limited liability partnership; Westland Dairy, LLP, a Minnesota limited liability partnership; Alpha Foods, L.L.P., a Minnesota limited liability partnership; Nicholas Ridgeway; Craig Achen; Steven Landwehr; Thomas Landwehr; Matthew Landwehr; Robert Hennen; Silverstreak Dairies, LLC, a Minnesota limited liability company, Greg Marthaler, Marthaler Properties Family LLLP, a Minnesota limited liability limited partnership, d/b/a Marthaler Farms, and Dairyridge, Inc., a South Dakota corporation, | |
| Defendants. | |

INTRODUCTION

This matter is before the Court on Plaintiffs Kraemer Farms and Kenneth Kraemer's (collectively, "Plaintiffs") motion to amend the judgment and for an award of prejudgment interest (Doc. No. 200) and Defendants United Dairies, L.L.P.; Union Dairy L.L.P.; Westland Dairy, LLP; Alpha Foods, L.L.P., Nicholas Ridgeway; Craig Achen;

Steven Landwehr; Thomas Landwehr; Mathew Landwehr, Robert Hennen; Greg Marthaler; Marthaler Properties Family LLLP, d/b/a/ Marthaler Farms; and Dairyridge, Inc.'s (collectively, "Defendants") motion to amend the judgment (Doc. No. 204). Also before the Court is the United States of America's (the "Government") motion for relief from judgment or in the alternative to amend the judgment. (Doc. No. 209.) For the reasons set forth below, the Court grants the Government's motion and dismisses Plaintiffs' unjust enrichment claim pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court's March 30, 2022 judgment on Plaintiffs' unjust enrichment claim in favor of Plaintiffs is vacated. In addition, the Court denies all remaining motions as moot.

## BACKGROUND

Six years ago, Plaintiffs brought this *qui tam* action on behalf of the Government against Defendants. Shortly thereafter, the Government declined to intervene and acknowledged that Plaintiffs could proceed with the action in the name of the United States. The third cause of action in the Complaint was unjust enrichment. (Doc. No. 1 ("Compl.") ¶ 80-81.) The Government, while declining to intervene, made no objection or jurisdictional argument regarding the unjust enrichment claim, nor did any defendant. The Complaint was served on Defendants between August 24 and September 5, 2017. (*See* Doc. Nos. 18, 25, 26.)

This case made its way to a bench trial in August 2021.[1] Following trial, this Court found that Plaintiffs failed to prove that Defendants knowingly made false claims in violation of the Federal Claims Act ("FCA"). (Doc. No. 196 at 21.) The Court did find, however, that Defendants were unjustly enriched and, as a result, the Government incurred damages of $1,007,191.30—thirty percent of which was awarded to Kenneth Kraemer pursuant to 31 U.S.C. § 3730(d)(2). (*Id.* at 20-21.) The Court also declined to award attorneys' fees and costs to either party. (*Id.*)

The Government now asserts that Plaintiffs lack standing to pursue an unjust enrichment claim on behalf of the Government. Defendants agree and request that the Court dismiss its judgment regarding unjust enrichment.

## DISCUSSION

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A party may "never waive the court's jurisdictional authority to hear a case." *Nyffeler Constr., Inc. v. Sec'y of Lab.*, 760 F.3d 837, 841 (8th Cir. 2014). Although Plaintiffs argue that the Government may not bring forth a post-trial motion because it is not a party to the case, the Court is under an "independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh*, 546 U.S. at 514.

---

[1] Strangely, there was no testimony from either Plaintiffs or Defendants of the custom and practice of obtaining crop insurance across the country. The Court continues to find this omission and continued silence troubling.

3

Under Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if it lacks subject-matter jurisdiction to hear a claim. "Standing is a threshold matter central to [the Court's] subject matter jurisdiction." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Thus, if Plaintiffs lack standing under Article III of the United States Constitution, the Court does not have jurisdiction over the case, and the case must be dismissed.

A plaintiff must meet three requirements to establish standing under Article III. First, the plaintiff must demonstrate a concrete and particularized injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, the injury must be traceable to the challenged conduct. *Id.* And third, the plaintiff must demonstrate that it is likely that "the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotations and citation omitted).

In *Vermont Agency of Natural Resources v. United States ex rel. Steven*, the United States Supreme Court addressed standing in *qui tam* cases. 529 U.S. 765 (2000). In such cases, the Court held that a relator's private interest in the outcome of the case is insufficient to establish standing. *Id.* at 776. As an assignee under federal statute, however, the Court held that a relator "has standing to assert the injury in fact suffered by the assignor," the Government. *Id.* at 773. Thus, in cases where the relator asserts an FCA violation, the government's injury in fact suffices to confer standing upon the relator.

Because Congress has only authorized the assignment of causes of action under 31 U.S.C. § 3729, a "relator in a *qui tam* FCA action does not have standing to assert

4

common law claims based upon injury sustained by the United States." *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 14 (D.D.C. 2003). This includes claims of unjust enrichment. *United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 451-52 (S.D.N.Y. 2001) (holding that relator lacked standing to assert claims for unjust enrichment, fraud, and mistake of fact on behalf of the government); *United States ex rel. Davis v. Hennepin Cnty.*, No. 15-cv-2671, 2016 WL 10747256, at *2 n.4 (D. Minn. July 8, 2016) (noting that the relators lacked standing to pursue an unjust enrichment claim on behalf of the United States). Consequently, Plaintiffs do not have standing to pursue an unjust enrichment claim.

Although the timing of this issue is truly regrettable, the Court is obligated to dismiss any action—even after judgment has been entered—once the Court determines that it lacks jurisdiction. For that reason, the Court must vacate its judgment on Plaintiffs' unjust enrichment claim.

## CONCLUSION

Under the law as it stands, the Court is required to vacate its judgment regarding Plaintiffs' unjust enrichment claim, but that does not mean that the outcome is fair or just—it is not. The Court is deeply troubled by the fact that this case has already proceeded through trial with no jurisdictional objection or argument of any kind by the Government or Defendants. The Court's prior conclusion—that Defendants have been unjustly enriched at the American taxpayer's expense—remains the same.[2] The

---

[2] Pursuant to 31 U.S.C. § 3730(d)(2), seventy percent of the judgment award would have gone to the United States.

5

Government, however, chose not to intervene and Plaintiffs may not pursue this action on the Government's behalf.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The United States of America's motion for relief from judgment or in the alternative to amend the judgment (Doc. No. [209]) is **GRANTED**.

2. The Court amends its March 30, 2022, Findings of Fact, Conclusions of Law, and Order for Judgment (Doc. No. [196]) as follows:  The Court's judgment on Plaintiffs' unjust enrichment claim in favor of Plaintiffs is **VACATED** and judgment is entered in favor of Defendants.

3. Plaintiffs' motion to amend the judgment and for an award of prejudgment interest (Doc. No. [200]) is **DENIED AS MOOT**.

4. Defendants' motion to amend the judgment (Doc. No. [204]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October ___, 2022         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge